THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. ALBERT THALHEIMER ET AL., DEFEND-ANTS IN ERROR.

1. The occurrence of a "lurch" or "jerk" of a street car of sufficient violence to throw off the car a passenger who had notified the conductor of her desire to get off at Fifth street, and who, after the conductor called out Fifth street, had arisen and gone to the rear door in preparation for alighting, justifies an inference of some breach of the duty owed to her by the carrier, and falls within the maxim "*res ipsa loquitur*."

2. A passenger on a street car who, on being notified that the car is approaching the point where he desires to leave it, gets up and goes to the door of the car, while it is in motion, for the purpose of being ready to alight, is not necessarily guilty of negligence. Such conduct is not, *per se*, negligent. Whether it is so or not is for the jury to find under the circumstances.

On error to the Essex Circuit.

For the plaintiff in error, *Joseph Coult.*

For the defendants in error, *Samuel Kalisch.*

The opinion of the court was delivered by

MAGIE, J. The judgment in this case was recovered by Albert Thalheimer and his wife against the Consolidated Traction Company, for damages sustained by each of them from an injury to Mrs. Thalheimer for which the jury found the traction company to be liable.

The questions raised by the assignments of error can all be considered under the assignment which challenges the correctness of the refusal of the trial judge to nonsuit the plaintiffs below.

When the motion to nonsuit was made the only evidence of the liability of the traction company was that given by Mrs. Thalheimer. If believed, the evidence established the following facts : That Mrs. Thalheimer was a passenger in a

street car operated by the traction company and running upon Orange street, in the city of Newark; that she notified the conductor of the car that she desired to alight therefrom at Fifth street (which crossed Orange street); that when the car approached Fifth street the conductor called out the name of that street; that she got up from her seat, while the car was still in motion, and walked to the rear door of the car, which was open, and when she arrived at the door and was just coming out of it, she was thrown into the street by a movement of the car which she called a " lurch " or a " jerk " and described as of sufficient force to " throw her right off." The fall produced serious injury.

The motion to nonsuit was put upon two grounds—*first*, that the evidence failed to show any breach of the duty which the traction company owed to its passenger, Mrs. Thalheimer, and *second*, that if such breach of duty could be inferred, the evidence disclosed that she had contributed to her injury by her own negligence.

After the motion was denied the traction company gave evidence which, if believed, showed that Mrs. Thalheimer fell upon the street after she had safely alighted from the car, and which might justify the inference that her fall was due to the inequalities of the surface of the street, which was paved with cobblestones. Upon an application for a new trial a serious question would be presented as to the weight of this conflicting testimony; but, upon error, the weight of testimony cannot be considered. Our review is limited to the consideration of the question whether Mrs. Thalheimer's evidence, if credence were given to it, was sufficient to establish the liability of the traction company to answer for her injury.

The contention that the evidence in question was insufficient to show a breach of the duty which the traction company, as a carrier of passengers, owed to Mrs. Thalheimer cannot, in my judgment, prevail. That duty has been described in this court as calling for a high degree of care. *City Railway Co.* v. *Lee,* 21 *Vroom* 438. As street cars run upon rails fixed and leveled in the highway, and not permitting

lateral motion, and are provided with brakes which, when applied quickly or when, after being applied, are released quickly before the momentum of the car has been overcome, produce known mechanical effects upon persons on the car, the occurrence of a lurch or jerk of the violence described, fairly justifies an inference that either the tracks were improperly laid or were out of order, or the brakes were improperly handled. At all events, the fact that such a lurch or jerk occurred as would have been unlikely to occur if proper care had been exercised, brings the case within the maxim *"res ipsa loquitur,"* as expounded in the Court of Errors in *Bahr* v. *Lombard Ayres & Co.*, 24 *Vroom* 233, and in the Supreme Court in *Excelsior Electric Co.* v. *Sweet,* 28 *Id.* 224. The case last cited was reversed by the Court of Errors (*ante p.* 441), but the opinion on this subject was not there questioned.

The contention that the evidence showed that Mrs. Thalheimer was guilty of contributory negligence is no better founded. When notified that the car was near the place where she wished to get out, she arose and went to the door of the car, as thousands of passengers in such cars daily and hourly do. Her movement was made in preparation for speedily leaving the car. Such conduct is not negligent *per se.* *Nichols* v. *Sixth Avenue Railroad Co.*, 38 *N. Y.* 131; *Wylde* v. *Northern Railroad Co.*, 53 *Id.* 156. It may be questioned whether the evidence of her movement would justify an inference of negligence; but at the most it was a question for the jury whether, in preparing to leave the car, Mrs. Thalheimer was acting without proper care.

No error being discovered in the conduct of the case in the trial court, the judgment should be affirmed.

*For affirmance*—DIXON, GARRISON, MAGIE, BARKALOW, BOGERT, DAYTON, HENDRICKSON. 7.

*For reversal*—THE CHANCELLOR, GUMMERE, VAN SYCKEL, NIXON. 4.