ELIZABETH R. SCOTT AND WILLIAM H. SCOTT, PLAINT-
　IFFS BELOW, DEFENDANTS IN ERROR, v. THE BERGEN
　COUNTY TRACTION COMPANY, DEFENDANT BELOW,
　PLAINTIFF IN ERROR.

Argued February 24, 27, 1899—Decided June 12, 1899.

1. The occurrence of a sudden lurch or jerk of a street railway car of sufficient violence to throw a passenger off the platform, who was there preparing to alight, and awaiting the stoppage of the car for that pur-

pose, justifies an inference of a breach of duty upon the part of those operating the car within the maxim *res ipsa loquitur*. *Traction Co.* v. *Thalheimer*, 30 *Vroom* 474. That the car was following another closely, which was stopping and starting suddenly, is a fact for the consideration of the jury in determining the cause of the sudden lurch or jerk, and as bearing upon the questions of negligence arising in the cause.

2. It is not negligence *per se* for the passenger to ride upon the platform of an electric street railway car, nor to get up and go there from inside the car, before the car has stopped, to await an opportunity to alight.

3. The railway company operating such a car is bound to exercise a high degree of care to carry its passengers safely in or upon whatever part of the car they are permitted to ride.

4. Whether a passenger riding upon a platform, or standing there awaiting an opportunity to alight whilst the car is moving, should in the exercise of ordinary care for his own safety take hold of the hand-rail there, is a question which, under all the circumstances, must be determined by the jury.

On error to the Supreme Court.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff in error, *Peter W. Stagg* and *Ernest Koester*.

For the defendants in error, *Warren Dixon* and *John P. Stockton, Jr.*

The opinion of the court was delivered by

LIPPINCOTT, J. The action in this case was for damages to the plaintiffs below because of the personal injuries inflicted upon the wife.

The defendant operates an electric street car route in the county of Bergen for the carriage of passengers. It appears from the testimony on the part of the plaintiffs that Mrs. Scott, on April 13th, 1897, took a car of the defendant, at Undercliff Ferry, to go to a crossing at Coytesville, there to change cars for her home at Undercliff. She says she paid her fare to the conductor, and told him to let her off at the

crossing. As the car was approaching the crossing, the conductor rang the bell, as she supposed, for the car to stop, and as the car slowed down she, with a small basket in her hand, arose from her seat in the car and went to the rear platform to await the stoppage of the car, and whilst so waiting on the platform the car gave a lurch forward, and she was thrown off to the ground upon her face and injured. She testifies that the car was going very slowly, as she was proceeding to the platform and whilst she was standing on it. She says she thought the car had come to a standstill when the lurch forward took place, and threw her off. She says the conduc or was standing on the platform and she thought it was all right to stand there, for if it was not he would have said so. She had a small basket in her hand and she did not have hold of the hand-rail of the car. The fact of having the basket in her hand did not prevent her taking hold of the hand-rail. There is some evidence in the plaintiffs' case that if she had taken hold of the hand-rail it might have saved her from falling. She says she expected no such lurch, and therefore did not take hold of the hand-rail, and, in fact, her attention was not attracted to it. Another witness on the part of the plaintiffs saw Mrs. Scott standing on the platform and describes the motion as a sudden increase of the speed of the car, and then Mrs. Scott fell off. This witness says there was another car just ahead, stopping and starting suddenly, and that this car was following in the same manner.

This is the substance of the evidence in behalf of the plaintiff, except as to injuries and damages suffered.

A motion to nonsuit was made on the single ground of the contributory negligence of Mrs. Scott. This was refused and an exception taken to the refusal and sealed.

The only reason for this motion would appear to be that the plaintiff, Mrs. Scott, failed to take hold of the hand-rail on the platform of the car. But even if this fact appeared with entire clearness, it was a fact for the jury only, as bearing upon the question of whether a failure to take hold of the hand-rail was the exercise of ordinary care for her own

safety. It was not negligence *per se* not to do so, and under all the circumstances it may have been reasonable care for her not to do so, even if her attention had been attracted to it. She was not bound to anticipate, as this car was slowing down to stop, that it would suddenly lurch forward, and prepare herself for that unusual occurrence without some warning or apprehension of such a danger. What the plaintiff was bound to do under all the circumstances in the exercise of ordinary care was a question for the jury. What is ordinarily done under such circumstances is a question for the jury. *Watson* v. *Portland & C. E. Railway Co.*, 40 *Atl. Rep.* 699.

If the evidence of the plaintiff was believed by the jury, then such a case has been made out as required its submission to the jury to determine whether the defendant was guilty of negligence. It is not perceived under the evidence wherein Mrs. Scott had been guilty of any act of contributory negligence and it certainly was a question at least for the jury.

It was decided in the case of the *Consolidated Traction Co.* v. *Thalheimer*, 30 *Vroom* 474, that the occurrence of a sudden lurch or jerk of a street car of sufficient violence to throw a passenger off the platform of a car, who was then preparing to alight or awaiting the stoppage of the car to alight, justified an inference of some breach of duty and falls within the maxim *res ipsa loquitur*, and that it was held that under the circumstances it was for the jury to say whether the defendant was guilty of negligence and the plaintiff guilty of contributory negligence.

The movement of Mrs. Scott, as the car approached this crossing, as the car was slowing down, to the platform and her standing there was not the want of ordinary care. *Consolidated Traction Co.* v. *Thalheimer, supra.* In law, under certain circumstances, she had the right to ride there, and whilst so riding there, was a passenger and entitled to the exercise of the care required of a carrier to protect her from injury. It was not negligence, in law, on her part to ride

upon the platform, or to go there to await an opportunity to alight. *Whalen* v. *Consolidated Traction Co.*, 32 *Id.* 606.

On the part of the defendant there was the evidence of several witnesses showing, or tending to show, that Mrs. Scott arose from her seat in the car, walked directly to the platform, and without waiting at all for the car to stop walked off the platform and fell to the street.

If this evidence had been taken by the jury as true, the verdict should have been for the defendant, for it not only exhibited no want of care of the servants of the defendant in operating the car, but it did reveal clear contributory negligence on the part of the plaintiff causing the injury.

But this evidence raised disputed questions of fact which were submitted to the jury. A state of the case was not presented which required, or permitted, a direction of a verdict for the defendant.

An exception was taken to the charge to the jury, that the defendant company was bound to exercise a high degree of care towards its passengers in order to protect them from injury.

The language of the learned trial justice upon this point was as follows: "The crucial question in the case is, what caused her to leave the car so as to fall? and whether the cause, whatever it was, was one attributive to some fault on the part of the employes of the railroad company. The railroad company was a common carrier of passengers, and as such it and its employes owe to the passengers a high degree of care for the safety of the passengers, and they are bound to exercise a high degree of care to get them safely to the journey's end."

The rule as stated has been always laid down by our courts. *Consolidated Traction Co.* v. *Thalheimer*, 30 *Vroom* 474; *City Railway Co.* v. *Lee*, 21 *Id.* 438; *Whalen* v. *Consolidated Traction Co.*, 32 *Id.* 606, 611.

After the trial justice had stated the law to the jury as to the care required of the carrier for the safety of its passengers, and also the care required of the passengers for their own

safety, the court proceeded as follows: " Now, bearing these two rules in mind, picture to yourself as far as you can the condition of things when the plaintiff came to the rear platform, and whether the evidence indicates satisfactorily to you that her parting from the car as she did was by some fault of the employes of the company, or some failure of duty on her part, and of course the burden rests on the plaintiff, and the plaintiff must satisfy you that there was some fault on the part of one of these two employes of the company in charge of the car." To this part of the charge an exception was taken and sealed.

This excerpt from the charge distinctly leaves the cause of the accident and the questions of negligence and contributory negligence to the jury, and correctly states that the burden rests upon the plaintiffs to establish the negligence of the defendant. Neither in the argument nor briefs of counsel is it pointed out in what respect this portion of the charge was erroneous or misled the jury. *Traction Co. v. Gardner*, 31 *Vroom* 57.

No error has been discovered in the submission of this case to the jury, and the judgment of the Supreme Court is affirmed, with costs.