## No. 13,789.

## A. B. PHILIPS VS. ST. CHARLES STREET RAILROAD COMPANY.

### SYLLABUS.

Where the motorneer of a street car, in answer to a signal, is slowing down his car, in order to stop it with the rear platform over the proper crossing, and a passenger has taken his position on the lower step of the platform, preparatory to getting off, the fact that the passenger loses his balance and falls to the ground, it being claimed that such fall resulted from the sudden jerking of the car, and from the passenger catching his shoe in a defective step, will not justify the conclusion that such fall should be attributed to the negligence of the carrier, when it appears that the irregularity of motion complained of was not greater than is usual in the stopping of street cars and that the step was of an approved pattern and without discoverable defects.

APPEAL from the Civil District Court, Parish of Orleans.— King, J.

---

*Charles Louque, Albert Voorhies, Lloyd Posey and Boatner, Dodds & Boatner,* for Plaintiff, Appellant.

---

*Harry H. Hall,* for Defendant, Appellee.

---

The opinion of the court was delivered by

MONROE, J. This is an action in damages for personal injuries said to have been sustained by plaintiff in getting off one of the defendant's cars. The defense is a general denial. The plaintiff

alleges that when the car, upon which he had taken passage, reached the corner of Orleans street, it "slowed up and stopped to allow" him to get off, and that whilst he was stepping off the car jerked, in starting again, and the heel and sole of his shoe, were caught in the piece of metal covering the edge of the step, with the result that he was thrown to the stone pavement and badly injured.

In giving his testimony he says: "I had given the warning to the conductor to stop the car. When the car was about to stop, I put my foot on the step, and the car gave a sudden jerk and flung me off." And at another place: "It was just about to stop, as I put my foot on the step. * * * The car gave a sudden jerk, and my heel caught in that piece of iron, and I was thrown off by the sudden jerking of the car."

Before bringing suit, the plaintiff's attorney addressed a communication to the defendant in which the accident was attributed to "a defect in the step of the car;" nothing being said about "a sudden jerk." And the only witness examined for plaintiff who was present at the time testified that whilst he was immediately behind the plaintiff, on the platform, prepared also to alight, he would probably not have recognized or remembered the "jerk" or "increased momentum" spoken of, if the plaintiff had not fallen, because that is a common thing on cars." As to the alleged defect in the step, the plaintiff seems to have been under the impression that there was a sheet, or piece of iron, zinc or other metal on the step, in which he caught the heel or sole of his shoe, but his testimony is by no means definite, and the single witness, above mentioned, states that his conclusion that the plaintiff had caught his foot was largely a matter of inference "from the method of his fall, and from" his (the witness') "recognition of the fact that something had caught the plaintiff's foot. In other words, he does not undertake to say that he actually saw anything more than the step itself. Upon the other hand, the step, having been taken from the car, was brought into court as an exhibit, identified and shown to be of an approved pattern, largely used throughout the country, and apparently safe. From the whole case, as presented, we conclude that the plaintiff left his seat whilst the car was in motion and took a position upon the lower step of the platform preparatory to alighting when the car should reach the crossing. It may be that the motorneer had slightly miscalculated, and that it became necessary just then to accelerate the motion of

the car in order that the rear platform might be exactly over the crossing when the car should stop, and that the plaintiff, resting, possibly, on one foot, was taken by surprise by the forward movement and lost his balance. But slight irregularities of movement are common incidents in the starting and stopping of street cars, and those who prepare to alight, and who do alight whilst the cars are in motion assume the risk resulting from such irregularities.

We are of opinion that the defendant did all that was required of it to deliver its passenger safely, and that the plaintiff is not entitled to recover.

Judgment affirmed.

Rehearing refused.