JOHN K. FIELD, DEFENDANT IN ERROR, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

1. A passenger on a railroad train, as he approached his destination, prepared to alight, and, while standing inside of the car, near the rear door, which was open, a violent jerk or start of the train

threw him out of the car to the ground, and he was seriously injured. *Held,* that it was not error to refuse a nonsuit at the close of the plaintiff's case, nor to refuse to direct a verdict at the close of the defendant's evidence.

2. A written statement, signed by a witness, if submitted to the jury, cannot be considered by it as affecting the credibility of any witness other than the subscriber.

In tort. On error to the Essex County Circuit Court.

For the plaintiff in error, *Bedle, Edwards & Lawrence.*

For the defendant in error, *Benjamin M. Weinberg* and *Samuel Kalisch.*

The opinion of the court was delivered by

VOORHEES, J. This suit was brought to recover damages for injuries received by John K. Field from a fall from the rear end of the train of the railroad company.

The real questions to be reviewed on this writ of error are —should the plaintiff have been nonsuited at the close of his evidence, and should the court have ordered a verdict for the defendant at the close of the whole case.

The facts proved were that on the evening of the 4th of July, 1902, the plaintiff, with his wife and three children, entered a train of the defendant company in Hoboken, to be transported to Harrison. They secured seats in the last car of the train. The plaintiff being near the rear door of the car. As they approached their destination he arose, walked forward to his wife and children and notified them to prepare to alight. He then returned to the rear of the car, and just as he reached the door, which had been left open, there was a violent jerk or start of the train, which threw him out of the door and over the chain which connected the two iron guards on the last platform. He landed on his head between the rails of the track, received a cut six or seven inches in length, extending through the scalp to the cranium. The fall also produced concussion of the brain and he was otherwise seriously injured. The plaintiff's testimony is the only

direct evidence as to how the accident happened. His wife and two children confirm his statements as to the violent start or jerk of the train. The railroad employes deny such start or jerk. No passengers, other than the plaintiff and his family, were produced as witnesses.

At the conclusion of the plaintiff's case the counsel for the defendant moved for a nonsuit, on the grounds that no negligence had been proved against it, and that the evidence produced would not justify submitting the case to a jury. This motion was properly refused. The defence offered by the defendant was that it was impossible for the plaintiff to have been injured in the way described by him; that its employes did not notice any jerk or violent start of the train; that a lantern was standing on the rear platform under the chain, over which the plaintiff claimed that he was thrown and that this lantern was not displaced or moved.

No witness was produced who saw the accident; the only positive evidence thereof was the plaintiff's testimony.

When the whole evidence was in, the defendant's counsel moved for a verdict on the ground that there was no negligence proved against it, and that the plaintiff was guilty of contributory negligence.

An issue of fact had been raised by the plaintiff's evidence which made the submission to a jury necessary. It was clearly a jury case, and the motion for a verdict was properly refused, and we find no error in the ruling of the learned judge. *Consolidated Traction Co.* v. *Thalheimer,* 30 *Vroom* 474; *Burr* v. *Pennsylvania Railroad Co.,* 35 *Id.* 30.

The only other assignment of error to be considered in the determination of this case is to the charge of the court as to a written statement, signed by the wife a few days after the accident, that she thought her husband had, in attempting to alight from the train, miscalculated the distance in the darkness; she denied having known the contents of this paper when she signed it, and also denies the truth of the matter therein contained. The learned judge allowed this statement to go to the jury, but charged that it could only be considered in connection with the testimony given by the wife, but

that it could not in any way affect the credibility of the husband's testimony. There was no error in this ruling.

The jury returned a verdict of $2,500, which, on a rule to show cause, was reduced to $1,500, and this writ of error is brought to set aside the judgment of the Circuit Court.

No error appears in the record, and the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM.    13.

*For reversal*—None.