MICHAEL PAGANINI, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 9, 1903—Decided February 23, 1904.

A passenger upon a crowded trolley car in a city street, desiring to alight therefrom, and being unable to communicate with the conductor because of the crowd, reached the motorman, and he, in response to the request of the passenger, put on his brake and slowed down the car, whereupon the passenger, while the car was moving slowly, proceeded to step through the gate which was open, and down upon the step, awaiting his opportunity to alight, when, by a sudden jerk of the car, he was thrown upon the ground, one foot going under the wheel, whereby he sustained serious injury. At the trial of a suit for damages against the company, these facts appearing, the court was requested to direct a verdict for the defendant on the grounds of contributory negligence; the request was refused by the trial judge. Upon review

it was held that the action of the passenger did not constitute negligence, *per se*, and whether he was negligent or not, was a question for the jury, and that there was no error in the ruling.

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *James B. Vredenburgh*.

For the defendant in error, *Hudspeth & Puster*.

The opinion of the court was delivered by

HENDRICKSON, J.    This writ brings up for review a judgment of the Hudson Circuit Court. It was based upon the alleged negligence of the motorman of one of the defendant's cars, on which the plaintiff was riding towards his home, in Jersey City, on the night of January 26th, 1900. The plaintiff was a violinist, twenty-two years of age. He took a Newark avenue car at Exchange Place which ran toward the court house, and was to leave the car at Brunswick street. When the car had reached the Bijou Theatre it was soon filled with passengers, so that it became very much crowded, and persons were standing on the front and rear platforms. The plaintiff gave his seat to a lady and then stood in the forward part of the car. He could not see the conductor, who was in the rear of the car, but shouted aloud to him the place of his destination. The car was running fast and did not stop at Brunswick street, whereupon plaintiff went out the front door, which was open, and reached the motorman through the crowd with some difficulty, and with a tap on the shoulder notified him to stop the car. The motorman put on the brake and slowed down the car, and while it was moving slowly the plaintiff went through the iron gate on the right side of the front, which was open, and with his violin case in his right hand and with his left on the gate, he placed

his right foot on the step and his left on the platform preparatory to alighting from the car. This was the plaintiff's account of the transaction, and he said that while so standing waiting for the car to stop it started off so suddenly that it threw him off the car, a wheel thereof passing over his left foot. He was taken to the hospital, where an amputation of his toes was first made, and afterwards an amputation of his leg became necessary and was made below the knee.

The only exception relied upon was made to the refusal of the trial judge, at the close of the case, to direct a verdict for the defendant. The grounds of the motion were (1) a failure to prove negligence on the part of the defendant, and (2) the negligence of the plaintiff. Upon the first ground the argument of counsel has consisted chiefly, if not entirely, of an effort to show that the plaintiff is contradicted by statements made by himself outside of the court and by other witnesses who were sworn, to an extent that his version of the accident is not to be relied upon. This argument might be important upon a rule to show cause, but upon error the weight of the evidence cannot be considered. *Traction Company* v. *Thalheimer,* 30 *Vroom* 474.

It has not been contended, but that from such a sudden movement of the car the negligence of the motorman may be inferred. The company owes to a passenger a high degree of care, and the occurrence of sudden and unusual jerks of the car have been recognized judicially as ground for the inference of negligence. *Traction Company* v. *Thalheimer, supra; Scott* v. *Bergen County Traction Co.,* 34 *Vroom* 407. Was there such evidence of contributory negligence developed as to justify a direction of the verdict? It is urged that the plaintiff's taking the position he did upon the step of the car was, under the circumstances, such negligence as should bar his recovery; that the act was especially negligent owing to the fact that he had the violin case in his right hand, and had his left hand on the iron gate, which was swinging. But it appears by the evidence that passengers on the trip were being let on to the car by way of the front steps

as well as the rear; that the platforms were crowded as well as the car itself, and that this was the only practical exit open to the plaintiff; also, that the plaintiff found the gate open and the car was moving slowly at the time, with every indication that it was about to stop.

It has been held by this court that it is not negligence, *per se,* for a passenger upon a street railway to go out of a moving car and stand upon the platform awaiting an opportunity to alight, and whether the exercise of due care would require the passenger, under such circumstances, to take hold of the hand-rail there, is a question for the jury. *Scott v. Bergen County Traction Co., supra.* It has been likewise held by the Court of Errors that it is not negligence, *per se,* for a passenger to step from a moving horse car, and that whether such act was negligent, under the circumstances, was a question for the jury. *Traction Company v. Gardner,* 31 *Vroom* 571. And so, in this case, I think it cannot be said that the plaintiff's act was negligence *per se,* but whether he was negligent or not under the circumstances was a debatable question, and hence a proper one to be submitted to the jury. Since we find no error in the record, the judgment must be affirmed.