[No. 7101. Decided February 7, 1908.]

FRANK R. HYDE *et al., Appellants,* v. SEATTLE ELECTRIC COMPANY, *Respondent.*[1]

CARRIERS—INJURIES TO PASSENGERS—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE IN ALIGHTING—EVIDENCE—SUFFICIENCY. In an action by a passenger against a street car company for damages sustained by reason of a collision with a wagon, the plaintiff was guilty of contributory negligence, and there was no sufficient evidence of negligence on the part of the company, and a nonsuit is proper, where it appears that plaintiff was standing on the open deck of the car preparing to alight by stepping down to the running board, that he saw a wagon ahead at the crossing traveling parallel with and near to the side of the track where regrading of the street was going on, but stepped down onto the running board attempting to get off in close proximity to the wagon, the wheels of which slipped or lurched toward the track, and collided with the running board, causing the injury.

[1]Reported in 93 Pac. 903.

Same—Negligence of Carrier—Watchman at Crossing. In such
a case it is not negligence upon the part of the company to fail to
keep a watchman at the place who should have prevented the wagon
from traveling so close to the track, as regards passengers alighting.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered September 30, 1907, upon sus-
taining a motion for nonsuit after the close of plaintiff's case,
dismissing an action for personal injuries sustained by a
passenger through the collision of a vehicle with defendant's
cable car. Affirmed.

*Richard Saxe Jones* (*James A. Snoddy*, of counsel), for
appellants.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

Dunbar, J.—This is an action for personal injuries re-
ceived upon the Madison street cable line in the city of Se-
attle. The testimony is undisputed. The court, after the
testimony of the plaintiffs was in, sustained a motion for non-
suit on the part of the defendant. The facts briefly are, in
substance, as follows: The plaintiff Frank R. Hyde was
riding on the Madison street cable line. The car upon which
he rode consisted of a closed portion in the rear and an open
portion in front, and had longitudinal seats in the open por-
tion, the method of getting on the car in the open portion
being by stepping on a running board or first step, and if
the passenger desired to go further and opportunity offered,
to step from the running board onto the second step or deck
of the car.

At the time of, and some time prior to the time when, the
injury occurred, Madison street from Fourth avenue to Sec-
ond avenue was being regraded, and dirt was being removed
from the street and adjacent property by teams which came
out of the excavations at the side of the tracks and down
Madison street on the north side from Third avenue to Sec-
ond avenue. The plaintiff Hyde testified that, as the car

came, down the hill, he noticed a team passing at and about the Second avenue crossing. The wagon was loaded with dirt. The car continued down the hill, not stopping at Third avenue. Hyde at that time was standing on the second step or deck of the car, leaning against the stanchion which is the support of the roof of the car. When the car got down nearly to the level of Second avenue where the plaintiff had been accustomed to alight, he prepared to step off from the car by putting one foot down on the lower step and taking hold of the iron handle of the forward end of the car with his right hand, holding onto the stanchion behind him with his left hand. He testifies that the car did not stop exactly where he expected it to stop, but went a few feet further. While standing on this board ready to step off when the car stopped, the wagon, which he had noticed before, came in contact with the car, overlapping the board of the car, strik-ing plaintiff's right leg, breaking it in two places. For this injury this action was brought. Upon the dismissal of the action after the motion for nonsuit was granted, this appeal was taken.

It is contended by the appellants that the court erred in granting the motion for nonsuit and rendering judgment for the respondent; that a case was made which should have been submitted to the jury on the two main propositions, viz., whether there was any negligence on the part of the company, and whether there was contributory negligence on the part of the appellant Frank R. Hyde.

Appellants rely very strongly on the two cases of *Weir v. Seattle Elec. Co.*, 41 Wash. 657, 84 Pac. 597, and *Ranous v. Seattle Elec. Co.*, 47 Wash. 544, 92 Pac. 382. Reference to those cases convinces us that they have no bearing on the principles of law involved in this case. In the *Weir* case the plaintiff, relying upon the signal to stop at the place of his destination, took his position on the lower step with his hand on the extension ready to alight, while the car was

slowly approaching the far side of the street. But instead of stopping, the speed of the car was suddenly accelerated to such an extent that Weir was hurled from the car. *Ranous v. Seattle Elec. Co.* was substantially the same case. But here the appellant was not injured by being misled by the respondent into taking an unsafe position, or by any uncustomary or unexpected act on the part of the motorman.

It would be a harsh rule to announce that a street car company would be responsible for any damages that might be sustained by a passenger by reason of a vehicle coming in contact with the car. The car traveling on a fixed track has a right to presume that its right of way will be respected. Of course, this is aside from the question of the duty of the street car company to protect its passengers when danger from contact from the outside is known. But in this case the car was pursuing its way, and there was nothing to indicate that the wagon, which was traveling parallel with the car, would get any nearer to the track than it was. If danger from that source was apparent, it was just as apparent to the appellant as it was to the gripman, for appellant testifies that when he was at Third avenue, which is one block away from the place where the accident occurred, he saw and noticed the wagon. His attention having been called to the wagon at so short a distance from the scene of the accident, and knowing the condition of the street in that locality, he having testified that he had traveled on that car several times a day for a great length of time, it seems to us that the court rightly concluded that he was negligent in attempting to get off in such close proximity to the wagon. Notwithstanding the presumption in which a passenger may indulge, that the street car company will use the highest degree of caution and care, both in protecting its passengers while upon the car and in furnishing them a safe place to alight from the car, the passenger must use some little caution himself, and will not be justified in stepping into a place of imminent and apparent

peril when he alights from a car. If a wagon is standing immediately in front of the steps of a car, a passenger would not be justified in stepping into it and entangling himself in its wheels or spokes, or in stepping into a place of danger of any kind. There is a good deal said in appellants' brief in relation to the passage of an ordinance by the city requiring the street car companies to maintain a watchman at the point where the appellant was injured, but an examination of the ordinance shows that it provided that this duty devolved upon the street car companies only after notification by the city, and there is no testimony that such notice was ever given. So that really the question of the effect of the ordinance need not be discussed. If the respondent was negligent at all, it was by reason of the fact that common prudence would demand of it to maintain a watchman at this place, outside of any legislation on the part of the city. We are not prepared to say that the condition was such that it was the duty of the respondent to maintain a watchman at this place, or that if there had been a watchman there in the prosecution of the ordinary duties of a watchman at such places, viz., the preventing of passengers from getting in the way of moving cars, he probably would have considered it his duty to have prevented this wagon from traveling as close to the track as it did travel. We are satisfied from the testimony that the accident occurred by the wheels of the wagon slipping and lurching through the mud down toward the car; that it was an accident for which the street car company was not responsible, and one which it could not be called upon to anticipate.

It is also contended by the appellants that the testimony shows that an inexperienced motorman was employed to operate the cars in this dangerous street, the grade here being exceedingly steep. But we think there is no testimony that would warrant this contention, or that shows any incompetency on the part of the motorman or other employees of the car company.

Under all the circumstances of the case we fail to find any negligence on the part of the respondent, but think that there was negligence on the part of the appellant in not noticing the danger in taking the position that he did take when the wagon was in such close proximity to him.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.