LILLIAN PASCELL, PLAINTIFF, PLAINTIFF IN ERROR, v.
NORTH JERSEY STREET RAILWAY COMPANY, DE-
FENDANT, DEFENDANT IN ERROR.

Submitted December 10, 1907—Decided March 2, 1908.

1. The application of the maxim *res ipsa loquitur* depends upon the
circumstances of each case.

2. Where a little girl, impatient to alight from a trolley car, arose
and walked to the rear platform and stood near the edge of the
platform with her left hand loosely holding some part of the car,
and the conductor rang the bell for the next street crossing, and
the car slowed down and ran into a turn-out just before reaching
the crossing, and by reason of the motion caused by the car enter-
ing the turn-out the child fell from the platform—*Held*, that no
inference arose that the accident occurred by reason of some
negligence in handling the car.

On error to the Essex Circuit Court.

For the plaintiff in error, *Harry V. Osborne*.

For the defendant in error, *John A. Bernhard*.

The opinion of the court was delivered by

REED, J. This writ brings up a judgment of nonsuit.

The material facts developed by the plaintiff's witnesses
were that, on April 16th, 1906, the plaintiff, a girl of twelve
years of age, with her mother and a sister, were riding in a
closed trolley car operated by the defendant's servants. The
car was going north on Mulberry street and approaching
Gouverneur street. The track is single, and there is a switch
just before reaching Gouverneur street going north. The
plaintiff saw a little girl cousin standing on the sidewalk
about midway between Gouverneur and Clarke streets, and
wishing to be the first one to get off the car at the next stop,
so as to join her cousin, she spoke to her sister, rose to her
feet and passed out upon the back platform. Her mother
indicated to the conductor her wish to stop at the next cross-
ing, Gouverneur street, and after the plaintiff reached the

back platform the conductor rang the bell for such stop. The car began slowing down; the plaintiff stood on the platform about a foot or so from the edge, her left hand loosely holding some part of the car, and while in this attitude she fell from the platform. Her mother was following her to the back platform, but had not reached it at the time of the accident. The plaintiff gives as the cause of the accident that the car switched, and she was thrown off.

The plaintiff was nonsuited on the ground that there was no negligence exhibited on the part of the defendant.

The plaintiff in error puts her insistence that there should be a reversal of this judgment upon this nonsuit upon the single ground that the occurrence of a lurch or jerk of a street car of sufficient violence to throw a passenger off the platform justifies the inference of a breach of duty by the carrier and falls within the maxim *res ipsa loquitur*.

For this insistence the cases of *Consolidated Traction Co.* v. *Thalheimer,* 30 *Vroom* 474, and *Scott* v. *Bergen County Traction Co.,* 34 *Id.* 407, are invoked.

In the first of these cases, decided by this court, the error assigned was the refusal to nonsuit the plaintiff. The only facts appearing when the motion to nonsuit was refused were that the plaintiff, after warning the conductor that she wished to alight at Fifth street, got up from her seat while the car was still in motion, walked to the rear door, and just as she was going out of the door she was thrown into the street by the movement of the car, which she called a lurch or jerk, the jerk being of sufficient force to throw her off the platform. Nothing else appearing, the court held that the circumstances raised a *prima facie* inference of negligence sufficient to carry the case to the jury. It was held that, at all events, the fact of such a lurch or jerk occurring, as would have been unlikely to occur if proper care had been exercised, brought the case within the maxim *res ipsa loquitur*.

The maxim *res ipsa loquitur* is one of evidence, and the force to be given to the mere happening of an occurrence depends upon all the circumstances surrounding the occurrence. 21 *Encycl. L.* 513.

The inference to be drawn from the happening of an event being an inference of fact, a judicial deliverance respecting the presumption of negligence from one condition of fact, is of little or no force as a precedent where the facts in the subsequent case vary in any material particular.

In the present case there was evidence of the lurch of the car and that the child was thrown off the platform. In the case of Thalheimer, as already observed, there was evidence of the lurch of the car, and a woman was thrown from the platform. The similarity of condition between the two cases ceases to exist at this point. In this present case the child was not emerging from the rear door, but was standing upon the platform, about a foot from the edge, holding loosely on to some portion of the car with her left hand. A lurch which would throw a woman just emerging from the door upon the middle of the rear platform would be inferentially quite different in force and degree from a car movement which would cause a child to lose her balance and totter off the edge of the platform. The lurch which would cause a child standing near the edge of a platform to lose her balance and fall might be slight, but a jar which would throw a woman, just emerging from the door, on to the middle of the platform, would be inferentially abnormal—in excess of any movement of the car run as usual over tracks in reasonably fair condition.

Again, in the Thalheimer case, nothing appeared in the plaintiff's case to show the cause of the lurch. In this case such cause appears. It appears that there was a turn-out near Gouverneur street, which cars had to take in order to pass other cars coming upon the same single track. The car took this turn-out or switch, and it was in taking it that the movement occurred which plaintiff says caused the injury. Plaintiff says, "the car switched, and I was thrown off."

Turn-outs are a usual feature in the construction of trolley roads, necessary to the operation of single tracks, and often essential to the operation of double tracks. The presence of a turn-out, therefore, is no evidence of negligence on the part of the defendant company.

Again, it appears from plaintiff's case, that the turn-out was taken while the car was slowing down, either because the car was approaching the turn-out, or because the car had been signaled to stop at Gouverneur street, just ahead. The plaintiff says that after she got to the platform, the conductor rang his bell, and the car began to slow down, and when it got to the switch it was not going as fast as when her mother told the conductor to stop, or as fast as when he rang the bell.

It is thus perceived that the conditions from which the inference of negligence was drawn in the Thalheimer case vary materially from the conditions existing in the present case.

So, also, in *Scott* v. *Bergen County Traction Co., supra,* decided in the Supreme Court, the conditions, while similar to those in the Thalheimer case, were consequently dissimilar to those in this case. There was a slowing-down car, a woman on the rear platform, a lurch forward of the car and a fall from the platform. But there was nothing to show that the lurch forward was caused by any agency aside from an inferred negligent act of the motorman.

In the present case it appears from the plaintiff's own showing that she, standing near the edge of the platform, lost her balance and was thrown therefrom by the lateral movement of the car in entering the turn-out while running at no immoderate speed.

From these facts no negligence can be imputed to the defendant, and the nonsuit was right.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Bogert, Vroom, Green, Dill, J.J.    12.

*For reversal*—None.