THOMPSON et al. v. GREEN (two cases).

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

Nos. 43, 44.

1. CARRIERS (§ 280*)—CARRIERS OF PASSENGERS—DEGREE OF CARE REQUIRED.
    Under the law of New Jersey a carrier of passengers is bound to exercise the highest degree of care, which prudent and careful men would under such circumstances exercise to carry the passengers safely.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1087; Dec. Dig. § 280.*]

2. CARRIERS (§ 348*)—ACTION FOR INJURY TO PASSENGER—INSTRUCTIONS.
    Instructions of the court, in an action against a trolley company to recover for an injury to a passenger, considered and read as a whole, held correct, and the refusal of requested instructions not error.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Actions by Dora May Green and William H. Green, respectively, against William J. Thompson and the Delaware River Amusement Company. Judgment for plaintiffs, and defendants bring error. Affirmed.

Fred A. Rex and William Harris, for plaintiffs in error.
Ralph W. E. Donges, for defendants in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Wm. H. Green and his wife, Dora May Green, brought suits to recover the respective damages sustained by each as the result of an injury to Mrs. Green while a passenger on defendant's trolley car. Verdicts were rendered for each, and, on entry of judgments thereon, writs of error were sued out by the defendants to this court.

The car in which Mrs. Green sat was going slowly in daylight from a wharf to Washington Park, when it was run into from the rear by another car going at high speed. It was contended by the defendants that a trespasser had gotten aboard this second car and started it in the motorman's absence, and that the defendants were not liable for such trespasser's conduct. On the part of the plaintiffs it was contended the man was not a trespasser, but a hanger-on around the amusement park, who was accustomed to run cars with the permissive knowledge of the defendants, and that, whether he was a trespasser or not, the defendants were liable, if their motorman, when leaving the car, failed to take with him the controller handle, by which alone the car could be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

started. The court so charged, and by the verdict we must assume, either that the colliding car was negligently operated by one for whose negligence the company was responsible, or that the company's motorman was negligent in leaving the controller upon it when he left the car. That portion of the charge is assigned for error in which the judge said:

"The defendant on the 3d day of August—that is the date, I believe—accepted Mrs. Green and Myrtle as passengers on one of its trolley cars running from the wharf up to Washington Park, and thereby it became liable to exercise a high degree of care, the highest degree of care which reasonably prudent and careful men would, under such circumstances, exercise, to carry the passengers safely."

In this we find no error. It simply made the carrier's duty the sum total of all the care "which reasonably prudent and careful men would, under such circumstances, exercise to carry the passengers safely." Such a standard is in accord with the authorities in New Jersey. Whalen v. Consolidated Co., 61 N. J. Law, 606, 40 Atl. 645, 41 L. R. A. 836, 68 Am. St. Rep. 723; Scott v. Bergen, 63 N. J. Law, 410, 43 Atl. 1060; Hansen v. North Jersey Co., 64 N. J. Law, 686, 46 Atl. 718; and Delaware Co. v. Dailey. 37 N. J. Law, 526, in which latter case it was said:

"The rule that carriers of passengers are bound to exercise the highest degree of care, the highest degree of care and diligence that a reasonable man would use, and that they are responsible for the slightest negligence, has been very generally adopted in this country, and is the law of this state."

Error is also assigned to the language in which, after stating that, if a trespasser boarded and ran the car, the defendants were not liable, the court said:

"Provided the motorman who started the car from the wharf, and who was admittedly a servant of the defendant when he left the car to go forward, as he says he did, to help another car which had been stalled, took reasonably proper and effective means to guard his car from being started by a trespasser during his absence."

No complaint is made to the general statement, but only to the use of the word "effective," which it is now contended made the test absolutely preventive means. We cannot accede to this contention. The language of court and counsel when the judge's attention was called to the word "effective" made plain to the jury that the word was qualified by the context, and meant "reasonably effective" means to prevent the car from being started. Of this language, as well as of other parts of the charge complained of, we find no just cause of complaint, when the words are read in the light of the context, as they must be to get the sense in which they were used.

It remains to say we find no error in the court's treatment of the defendants' request to charge. It contained a recital of the fact that Boltz, the man who was running the car, was a trespasser, and that, therefore, the defendants were not liable. The court submitted to the jury the fact whether Boltz was a trespasser, which was the controverted question in the case, and, if so found, the jury was told to find for the defendants.

Finding no error, both judgments are affirmed.