NO. 8908

COURT OF APPEAL

PARISH OF ORLEANS.

----------

VIRGINIA JONES HINTON

versus

NEW ORLEANS RY. & LGT. CO.

----------

Dinkelspiel; J.

This is a damage suit. Plaintiff avers that she was a passenger on one of defendant's cars on the 6th day of August, 1921, and that about eight or nine o'clock of that night when the car reached Felicity and Annunciation Streets she pressed the button in order to get off at the corner of St. Mary andxMarxxxxStreet, and that when the car reached the aax point between Felicity and St. Mary Streets, she again pressed the electric bell notifying the conductor thus of her intention to alight at the corner of St. Mary and Annunciation Streets and that as said car neared the corner aforesaid she arose from her seat, went to the back platform to await the stopping of the car, in order to alight, and that said car did stop at the corner of St. Mary Street; that just as soon as it stopped another passenger getting on the car blocked plaintiff's exit and that as soon as her path was clear enough to allow her to alight xhexxkkxmpxx she attempted to do so and whilst in the act of passing one foot from the platform to the step in leaving the car, the said car started and threw your petitioner from the platform to the ground; she further alleges that when in the act of stepping from the platform to the step that the car started off without notice or warning and that the jolt said car gave when it started threw her off her balance and she was precipitated to the ground in a very violent matter. Averring further that as a result of the aforementioned accident she was terribly bruised all over her body, suffered severe paxxx injuries, was confined to her bed xkxxk for quite a while; and for the injury suffered and the mxkxxxxxxx mental anguish attached thereto, she was entitled to the sum of Nine Hundred Dollars and for Doctor's bills and medical services $100.00, claiming judgment in the sum of $1000.00.

The answer, after pleading the general issue, avers that plaintiff herself was the cause of whatever injury she sustained, because of her impatient and negligent conduct in getting off the car at the time alleged.

The evidence, as usual in cases of this character, is conflicting.

Plaintiff relies on her own testimony and that of another witnesses. This witness, Julia Burnside, testified that she was standing at the corner of the Street and saw the accident in question; she saw plaintiff fall from the step just as testified to by plaintiff herself; in other words thaxx they substantially testified, both plaintiff and this witness, that in axxxxxxx attempting to alight from the steps of the car and as the other passenger got on the car, plaintiff, when the car started suddenly and gave a jerk and jolt, was thrown to the ground. Relative to the injuries sustained by plaintiff, the doctor who attended plaintiff was never called to testify, and the nature of the injuries suffered by plaintiff, except through her own testimony and that of her witness is nowehre to be found in this record.

On the other hand, it is testified to by the motor man, the conductor, and a passenger, a disinterested party, by the name of Hyber, who all testified substantially to about the same effect, that is, that when the bell was rung in order for the car to stop to permit plaintiff to alight it came to a stop and as she got on the step, for some cause or other, she fell; the conductor immediately went to her assistance and assited her to her feet, he asked her if she was hurt, she first said "no", and subsequently amended this answer and said her back hurt her; he further testified, and he was borne out by the other witnesses, to the fact that after he raised the woman and put her on her feet she walked away. Plaintiff claimed that she was assited from the ground where she had fallen , by some friend, that she had lost conciousness entirely for about ten minutes and she further testified that this friend had since died, hence she was unable

326

to produce him in Court.

We therefore have her testimony, unsupported save and except by her friend previousiy referred,to, Julia Burnside, and we have the uncontradicted testimony of the conductor, motorman and a disinterested witness, absolutely to the contrary.

Whether plaintiff was seriously injured or inconvenienced or not, the fact that she got off this car when it had stopped to permit her to do so, is in our opinion beyond peradventure, and under the facts in this case viewing it in every way, we conclude that whatever injury if any this plaintiff sustained, she has failed to make her case certain, and under the law, as decided by the Supreme Court of this State, and our own Court, she cannot xxxxxx recover.

The decisions on this point/xx are clear and our reports are full of them, xxdxxx and amongst them, we cite the following cases:

"Where the motorneer of a street car, in answer to a signal, is slowing down his car, in order to stop it with the rear platform over the proper crossing, and a passenger has taken his position on the lower step of the patform, preparatory to getting off, the fact that the passenger loses his balance and falls to the ground, it being claimed that such fall resulted from the sudden jerking of the car, and from the passenger catching his shoe in a defective step, will not justify the conclusion that such fall should be attributed to the negligence of the carrier, when it appears that the irregularity of motion complained of was not greater than is usual in the stopping of street cars and that the step was of an approved pattern and without discoverable defects."

Philips vs. St. Charles St. Railroad Co.
106 La. 593.

"Passengers on electric street cars assume the risk of injury from ordinary jars and jolts incident to the operation of such cars, with due car, in the usual manner. Where

a lady passenger left her seat and stepped into the aisle, while the car was in motion. and then fell down and injured one of her km knees, held, that she cannot recover damages from the railroad company, where the preponderance of the evidence shows that the motorman operated the car with due care , and that it came to a stop, with no unusual jar or jolt."

Vincent vs. N. O. Ry. & Light Co. 134 La. 654.

And to the same effect is the decision in Massicot vs. New Orleans Railway & Light Co. 141 La. 623.

It has been frequently decided that where the Judge of the lower Court heard and saw the witnesses he had a better opportunity of judging their veracity than we have and unless his judgment is manifestly erroneous same will not be disturbed.

We have given this case careful and considerate attention and we are convinced that the judgment of the Court aquo is correct.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed.

-Judgment affirmed-