ANNA R. BURR ʋ. THE PENNSYLVANIA RAILROAD
COMPANY.

Argued June 9 and 12, 1899--Decided November 13, 1899.

1. It is not negligence *per se* in a passenger in a railroad car to leave his seat and pass to another part of the car.

2. If it appears that the passenger incurs additional risk of injury by leaving his seat, or if he selects a time for doing so when there is necessarily increased violence in the movement of the car, then he is under a duty to use such care for his safety as a prudent person would under the circumstances, and failure to do so would charge him with contributory negligence.

3. If there is no more violence and lurching than ordinarily attends the starting of a railroad train, the jury cannot draw from it the inference that the company was negligent, but when extraordinary violence is shown, then the company is called upon to show that due care was used to prevent it.

---

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Mark R. Sooy.*

For the defendant, *Alan H. Strong* and *Joseph H. Gaskill.*

The opinion of the court was delivered by

VAN SYCKEL, J. This action was brought to recover compensation for injuries sustained by the plaintiff, while a passenger on a train of the defendant company, by being thrown down, as is alleged, by the motion of the train in starting from the station at Barnegat pier, while she was in the act of changing her seat from one side of the car to the other for the purpose of looking out of the window.

In the trial court the plaintiff recovered a verdict for $7,208.

A rule to show cause was granted why the verdict should not be set aside.

The reasons relied upon by the defendant company to make the rule absolute, so far as they are deemed material, will be considered.

The first reason relied upon is that there was no evidence from which the jury could be permitted to find any negligence on the part of the company.

The evidence on the part of the plaintiff was that her fall was caused by a very violent and unusual lurch of the car backward and forward.

Some of the trainmen testified that there was no unusual movement of the car.

It was therefore properly left to the jury to settle this question of fact.

The second reason presented is that the court erred in leaving it to the jury to find whether the defendant owed any duty, and if so what duty, to the plaintiff.

What the court said in that part of the charge was not unfavorable to the defendant and could not have misled the jury, because the court charged expressly that it was for the plaintiff to prove by a preponderance of evidence that what happened on that occasion was something out of the ordinary ;

that if the jury failed to find that the fact was that something extraordinary occurred to injure the plaintiff, then the plaintiff had no case and the verdict should be for defendant.

The charge in substance was that if there was no more violence and lurching than ordinarily attends the starting of a train, the jury could not draw from it any inference that the company had been guilty of negligence; that it was not until extraordinary lurching and violence was shown that negligence could be presumed and the defendant be called upon to show due care to prevent it.

Taking the entire charge, we think that no injustice in this respect was done to the defendant.

The third reason is that the plaintiff was guilty of contributory negligence, and this involves the question whether it was negligence *per se* in the plaintiff to leave her seat and cross over to the other side of the car.

The proposition that no liability attaches to the company for injury received by a passenger while changing his seat or walking in the car is without reason or authority to support it.

Passenger cars are equipped with water-coolers, with water-closets for the convenience of passengers, and with windows specially adapted to view the country through which the train passes. Beautiful scenery is much relied upon to attract business to railroads.

To say that the passenger cannot rightfully change his seat during his trip, is to affirm that the company may invite passengers to do so for various purposes, without any legal liability for the injury which it may inflict upon them by its carelessness.

In *Sturdivant* v. *Fort Worth Railway Co.*, 27 *S. W. Rep.* 170, the court ruled that while a passenger must not unnecessarily expose himself to risk and danger while on a train, yet he cannot be expected constantly to remain in his seat.

The same view was taken by the Massachusetts Supreme Court in *Barden* v. *Boston, C. & F. Railroad Co.*, 121 *Mass.* 426, where the court says that where a passenger leaves his

seat and is injured, it is a question for the jury whether he was in the exercise of reasonable care.

This is in line with the decision of the Court of Errors and Appeals in this state in *Consolidated Traction Co.* v. *Thalheimer*, 30 *Vroom* 474, that a passenger may leave his seat in a trolley car while it is in motion and walk towards the door for the purpose of being ready to alight when the car is stopped. See, also, 2 *Wood Ry. L.* 1162.

The court properly charged the jury that a passenger who changes his seat assumes the duty of using reasonable care to avoid those risks which he incurs by changing his seat, and if there was increased risk he must use such reasonable care as prudence would dictate to protect himself from injury by the increased danger.

There was no substantial error in the trial of the cause, and the verdict was not so clearly against the weight of evidence that this court will be justified in interfering with the finding of the jury on these questions.

The jury having been instructed that it must find for the defendant unless there was a preponderance of proof that there was extraordinary violence in starting the train, it must be presumed that the jury credited the evidence on the part of the plaintiff in that respect, and no evidence being submitted by the defendant to show that such violence was unavoidable in the exercise of due care on its part, the plaintiff was entitled to a verdict.

The only question remaining to be considered is whether the damages are excessive.

The plaintiff, at the time she received her injury, was forty-eight years old. The evidence warranted the jury in finding that she was receiving a salary of $450 a year as school teacher; that she was subjected to considerable expense for medical attendance and nursing; that she was enduring much physical and mental suffering by reason of the injury; that she was confined to her bed and unable to sit up from August 20th, 1897, to the latter part of November, 1897, in a very closely-confined and uncomfortable position; that she

was unable to leave her room until the following February ; that she is still obliged to go on crutches, suffers pain and is probably permanently disabled, so that she may never be able to teach in school again.

Although the verdict is large, it cannot be said that the damages are so excessive as to indicate that the jury was influenced by any undue bias or prejudice.

The rule to show cause should be discharged.