## EVANSVILLE & TERRE HAUTE RAILROAD COMPANY *v.* MILLS.

[No. 5,672.    Filed April 20, 1906.]

1. CARRIERS.—*Passengers.*—*Live-Stock Attendant.*—An attendant riding on a freight-train in the car with his live stock, which is shipped under a contract for a fixed charge, including passage to the owner or attendant, is a passenger for hire. p. 601.

2. TRIAL.—*Pleading.*—*Proof.*—*Variance.*—Plaintiff must recover *secundum allegata et probata.*    p. 602.

3. SAME. — *Railroads.* — *Collisions.* — *Questions for Jury.*—*Evidence.*—Where the evidence showed that plaintiff, a live-stock attendant on a freight-train, was injured while his car was standing on the track, by a terrible jar which threw him against the car rendering him unconscious, the question whether such jar was caused by defendant company was for the jury. p. 603.

4. SAME.—*Evidence.*—*Inferences.*—It is not essential for plaintiff to prove every allegation of his complaint by direct and positive evidence, since the jury has the right to draw reasonable inferences from the facts proved.    p. 603.

5. SAME. — *Railroads.* — *Passengers.* — *Injuries.* — *Res Ipsa Loquitur.*—Injury to plaintiff while a passenger for hire on defendant's railroad establishes a *prima facie* case of negligence, and the defendant, to escape liability, must show that such injury could not have been avoided by the highest practical care.    p. 604.

6. RAILROADS. — *Passengers Riding in Freight-Car.* — *Contributory Negligence.*—*Assumption of Risk.*—A live-stock attendant riding, by contract, on the car containing such stock neither assumes the risks of defendant's negligence, nor is he guilty of contributory negligence.    p. 605.

7. TRIAL.—*Evidence.—Custom.—Railroads.*—Admitting the testimony of two witnesses, over objection, that they rode in stockcars as attendants of live stock on defendant's road, if erroneous, was harmless. p. 607.

8. SAME.—*Instructions.—Contributory Negligence.—Burden of Proof.*—An instruction, that the burden of proof in a personal injury case is on defendant and defendant must establish same by a preponderance of the evidence, though erroneous, is not reversible where the court further instructed that if the jury find that the plaintiff was guilty of any contributory negligence he cannot recover. p. 607.

9. SAME.—*Instructions.—Refusal.—Point Already Covered.*—It is not error to refuse to give instructions on a branch of the case already covered by proper instructions. p. 609.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Alfonzo Mills against the Evansville & Terre Haute Railroad Company. From a judgment on a verdict for plaintiff for $1,775, defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor, Eugene H. Iglehart, W. W. Moffett* and *J. W. Emison,* for appellant.

*J. T. Kingsbury, W. A. Cullop* and *George W. Shaw,* for appellee.

WILEY, J.—This is an appeal from a judgment in appellee's favor, growing out of injuries received while riding on one of appellant's freight-trains, the action being based on the latter's alleged negligence. His complaint is in two paragraphs, to each of which a demurrer was overruled. The cause was put at issue by an answer in denial. Appellant's motion for a new trial was overruled.

By the assignment of errors the sufficiency of each paragraph of the complaint and the overruling of the motion for a new trial are presented for review.

Omitting the formal parts of the first paragraph of the complaint, it alleges that on September 18, 1903, one Pinkstaff had certain fine blooded cattle that he desired to have shipped from Huntingburg to Vincennes, Indiana; that he entered into a written contract with the Southern Railway

Company for the shipment of the same at a fixed rate; that such contract was made on behalf of the Southern Railway Company and such connecting lines as might accept the terms of the contract, and to carry on freight-trains in charge of the cattle the shipper's agent, who was the appellee; that the cattle and appellee were transported under the terms of the contract by the Southern Railway Company to Princeton, where the tracks of that company and appellant's tracks connected, and at which place the Southern Railway Company delivered to appellant the car in which said cattle were being transported; that appellant there received the car of cattle in which appellee was being carried as a passenger, attached the same to one of its trains, accepted the terms of the contract, and undertook and agreed safely to carry the appellee in the car as a passenger from Princeton to Vincennes; that it failed to do so, but on the contrary, while in transit and while appellee was a passenger on its train in said car, the train was stopped, and while standing upon the track, appellant, negligently and with great force, ran another car, propelled by a locomotive engine, against, upon and into the train in which appellee was riding, whereby, without his fault, he was injured, etc. The contract of shipment is made an exhibit to the first paragraph of the complaint.

The second paragraph avers that appellant owned and operated a line of road between Evansville and Terre Haute, Indiana, and that it was a common carrier of passengers and freight for hire; that on September 19, 1903, appellee took passage as a passenger on one of appellant's trains at Princeton, to be carried to the city of Vincennes, on appellant's road; that as such passenger he paid the fare between said two stations; that at a point between said two stations the train upon which he was riding stopped upon the track, and while standing thereon appellant, with great force and violence, ran another car, propelled by a locomotive engine, against, upon and into it, by reason of

which the car in which appellee was riding was suddenly started and jerked, and without any.fault on his part he was thrown against the car and fixtures, knocked down, and rendered unconscious, to his injury, etc.

By the contract of shipment, which is made an exhibit to the first paragraph of complaint, it is shown that while the destination of the cattle was Vincennes, the Southern Railway Company agreed to carry them only to Princeton. This contract also provided for free passage for the shipper's agent on the train with the cattle. While the contract does not prescribe any specific place where appellee should ride, it does provide that he should ride "upon the freight-train in which the animals are transported."

The objection urged to the complaint is that there is no averment in either paragraph that creates the relation of carrier and passenger, and that the first paragraph

1. sufficiently shows that appellee, without reasonable excuse, and without the knowledge of appellant, placed himself in the car with the cattle, where he voluntarily assumed a place of recognized danger and the hazards attaching to such place. This objection is not well taken. The learned counsel for appellant have cited and reviewed many authorities in support of the objections urged to the complaint. We have examined them, but it would be an unnecessary waste of time to review them here, in view of the fact that it has long been held in this State, and it is now the fixed. rule of law, that a person in charge of live stock being transported by a common carrier, under a contract, and for a fixed charge to transport such live stock, and where such contract provides that the carrier will afford free passage to the owner of the stock, or his agent, on the train carrying the cattle, is a passenger for hire. It is specifically averred in the first paragraph of the complaint that one Pinkstaff entered into a contract with the Southern Railway Company and its connecting lines to carry certain stock from Huntingburg to Vincennes, Indi-

ana, and that appellant accepted the terms of the contract and undertook and agreed to carry safely the appellee in the car as a passenger. The first paragraph of the complaint clearly shows that appellee was a passenger for hire. This exact question was considered and decided by this court in the recent case of *Southern R. Co.* v. *Roach* (1906), 38 Ind. App. —. The following case is also in point: *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335. In the case last cited the rule is so fully discussed and the authorities in support of it so fully marshaled, that we conclude that the question now under consideration is no longer a debatable one in this State. The demurrer to each paragraph of the complaint was correctly overruled.

Under its motion for a new trial appellant has presented, and its counsel have ably discussed in their brief, four questions: (1) That the verdict is not sustained by sufficient evidence, and is contrary to law; (2) that the court erred in admitting certain evidence; (3) that the court erred in giving to the jury certain instructions; (4) that the court erred in refusing to give certain instructions tendered by appellant. Counsel for appellant contend that there is a total failure of proof of the negligence charged, viz., that, while the train upon which appellee was riding was standing still, appellant "carelessly and negligently, and with great force and violence, and upon the same track, ran another car propelled by a locomotive engine against, upon, and into the train of cars upon which the plaintiff was riding."

Counsel refer to the well-established rule that a plaintiff must recover according to the allegation of his complaint, or not at all; and that he can not recover on evidence which makes a case materially different from the case made by the pleading. The rule as stated is the law in this State, and if the facts in this case bring it within that rule, then appellee can not recover. The

only evidence which pertains to the cause of the 3. accident is that of the appellee himself. He testified that after the train stopped at Purcells, the engine went back on the side-track; that he noticed that one of the heifers had become untied; that he tied her up, and just as he finished doing so a sudden jar came, "just like a shock of dynamite;" that it jarred the train; that he could not tell where it came from, the front or back of the train. He was asked and answered these questions: "Then where did it go? A. I don't know where it went after that. I know a sudden jar came and I did not know anything after that. Do you know what jarred you? A. No, sir; I don't. Do you know whether it was the engine that jarred you? A. No, sir; it was a jar, I know that. Do you know where that jar came from? A. I do not. At this time you are unable to say where the jar came from? A. Yes, sir." He also testified that the jar was so great that he was thrown against the side of the car, from the effect of which he became unconscious, and that he did not regain consciousness until about the time the train arrived at Vincennes. He also testified that two of the cattle were knocked down, from the effect of which they died. From this evidence two facts are plainly apparent: (1) That there was a sudden and violent jar of the train; and (2) that appellee's injury resulted therefrom. It is quite true, as is contended by counsel, that this evidence does not, in express terms, establish the act of negligence charged, but it does form a basis for all rea- 4. sonable inferences deducible therefrom, and it was the province of the jury to draw such inferences.

By such evidence and such inferences the jury doubtless reached the conclusion that the collision was occasioned by the careless operation of the locomotive, as alleged in the complaint. This they were authorized to do. It is not essential that every material fact upon which a plaintiff grounds his cause of action must be established by direct and positive evidence, to entitle him to recover.

On the contrary it is the legitimate province of a jury or court trying a cause to draw reasonable inferences from proved facts and circumstances. *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115. Under the evidence, the violent jar of the train could only have resulted from the application of some great force, or artificial agency. The train was under the control, management and operation of appellant. It was standing still on appellant's track. The engine that propelled it had been detached. It could not have proceeded upon its journey unless the locomotive engine had again been attached to it. That it did proceed is sufficient evidence of the fact that it was so attached. These facts make the inference and conclusion reasonable that the jar of the train was caused by the locomotive engine's coming in violent collision with it. It was not essential for appellee to show, by direct and positive evidence, that the collision was caused by running another car, propelled by a locomotive engine, against the train.

As we have seen, appellee was a passenger for hire, and, this being true, the fact that he was injured while such passenger is *prima facie* evidence of appellant's negligence. *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264; *Brighton* v. *White* (1891), 128 Ind. 320; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, and cases cited. It is true the burden is upon the passenger to maintain and establish the affirmative of the issue, yet under such conditions as are here presented, the mere happening of the accident is at least *prima facie* evidence of negligence upon the part of the carrier, and in such case it is incumbent upon the latter to produce evidence that will excuse the *prima facie* failure of duty on its part. To state the rule more forcibly, it may be said that the burden is upon the carrier, under such circumstances, to prove, in order to rebut the presumption of negligence, that the accident could not have been avoided

by the exercise of the highest practical care and diligence. *Terre Haute, etc., R. Co.* v. *Sheeks, supra.* This, appellant has failed to do. There is not such a variance between the act of negligence charged and the evidence, in connection with the reasonable inferences deducible therefrom, as to defeat a recovery.

Under the facts in this case, appellee's right to recover can not be defeated by reason of the fact that he was riding in a freight-car with the cattle in his charge, instead of in a caboose. His riding there, under the undisputed facts, would not make him guilty of contributory negligence, nor exempt appellant from liability under the doctrine of assumed risks. It is assumed by counsel for appellant that appellee was riding in the stock-car without the knowledge or acquiescence of appellant or its servants. This assumption is not tenable. The contract granted to appellee free passage, "on the train with the animals." It required of him certain duties and responsibilities, in that he was to attend the stock while on cars, water and feed the same, and to that end the contract provided that the owner of the stock "or his agent in charge of said live stock shall ride upon the freight-train in which said animals are transported." The contract further provided that the shipper should furnish, at his own expense, "such bedding or other suitable appliances in said car, * * * as will enable said live stock to stand securely on their feet while in the same." It further exempts appellant from liability from "the burning of hay, straw or other material used by the party of the second part, or his agent, for food or bedding for said live stock." The contract does not designate or require the person accompanying the stock to ride upon any particular part of the train. The evidence shows that the stock that was being transported was valuable blooded stock, and being taken to Vincennes for exhibition at a fair. The evidence also shows that there was hay and straw in the car, for bedding and feed. This

is combustible matter and easily set on fire by sparks, etc. It is also shown, by uncontradicted evidence, that it was necessary for appellee to be in the car at the very moment of the accident, because one of the heifers had become loosened from her tether, and just as he had finished tying her up again he was injured.

In the case of *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, the contract of shipment was in all essential respects like the one in this case. While the contract in that case, as here, was made by the initial carrier for itself and on behalf of connecting carriers, the court, in referring to it, said: "This contract, in and of itself, was sufficient to charge appellant with notice that appellee was on its train in charge of the stock, and the failure to account for him in the caboose would plainly lead to the inference, in view of the duties and responsibilities resting upon appellee, that he was actually in charge of the stock." Again in that case the court said: "Since appellee, by his contract, had absolved appellant from its common-law responsibility for the safety of the stock, aside from the risk of transportation, it is clear, the stock being valuable, that he had a right, in the absence of any known requirement to the contrary, to be on hand at all times to protect the property from those dangers which he had absolved the carrier from, and which, as a consequence, were risks which devolved upon him, and if he had a right to be present at all times to protect the property, he is not to be accounted a wrongdoer because, for convenience or otherwise, he elected to stay in a place where he had a right to be."

In the case of *Illinois Cent. R. Co.* v. *Beebe* (1898), 174 Ill. 13, 50 N. E. 1019, 43 L. R. A. 210, 66 Am. St. 253, it was held that where a freight-train, after stopping, is suddenly started, thereby injuring a passenger lawfully on the train in charge of stock, as required by his shipping contract, a jury was justified in finding the carrier negligent, if it was shown that the passenger was using ordinary care.

In the case before us, the jury, by their general verdict, found, and such finding was within the issues, that appellant was guilty of negligence, and that appellee was using ordinary care. See, also, *Lawson* v. *Chicago, etc., R. Co.* (1885), 64 Wis. 447, 24 N. W. 618, 54 Am. Rep. 634.

By reasons properly assigned in its motion for a new trial, appellant predicates error upon the admission of evidence of two witnesses, to the effect that they had ridden in stock-cars, with live stock, upon appellant's road. The objection urged to this evidence is that the law inhibits a shipper from riding in the car with the cattle, except that he does so by assuming any increased hazards, and that any custom of appellant in allowing the shipper to ride with the cattle "can not break down or affect this rule of law." In view of what we have said in regard to appellee's right to be in the car in attendance upon the cattle, it is unnecessary for us to decide the question thus raised by the motion for a new trial. If the evidence was inadmissible, the error in letting it go to the jury was harmless.

The court on its own motion gave the following instructions: "(7) The law of this State does not require the plaintiff to prove that his alleged injuries were incurred by him without contributory negligence upon his part; but contributory negligence on the part of the plaintiff is a matter of defense, and such defense may be proved under an answer of general denial.

"(8) In cases of this kind, if contributory negligence of the plaintiff is claimed by the defendant, the burden is cast upon the defendant of proving such contributory negligence by a preponderance of the evidence.

"(9) Negligence consists in the doing or omitting to do some act which a person in the exercise of ordinary care and prudence would not do or omit to do, and which act if done or omitted by him, contributed and helped to produce the injury complained of; and if the jury find from a

preponderance of the evidence that the plaintiff, Alfonzo Mills, committed any act which under the law he should not have committed, and which act contributed to or helped to produce the injuries of which he complains, then he can not recover in this action."

It is argued that under the ruling in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, and *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569, it was error to give these instructions. The objection urged is that the court told the jury that the burden of proving contributory negligence was upon appellant. The three instructions pertain to the same subject-matter, and should be construed together. No objection is urged to the seventh and the ninth, and we are unable to detect any. Under the rule declared in the cases cited, the eighth instruction, standing alone, would have to be held erroneous, but in neither of those cases was there any other instruction which modified or explained the naked statement that the burden of proving contributory negligence was cast upon the defendant, which carried with it the necessary inference that such proof must be adduced by the defendant. Not so here, for in the ninth the court told the jury that if they found from a preponderance of the evidence that appellee did anything or omitted to do anything that contributed to his injury, he could not recover. And again, in an instruction given on appellant's motion, the court told the jury that "It is for you to determine from the evidence in the case whether the plaintiff was or was not guilty of negligence which contributed to his injury," etc. It would be imputing dense ignorance to the jurors to say that they must have understood that by the expressions "from a preponderance of the evidence," and "from the evidence in the case," the court meant less than all the evidence upon the subject of contributory negligence, regardless of its source.

In *Indianapolis St. R. Co.* v. *Taylor, supra,* the court

said: "It is sufficient to call attention to the inaccuracy of any instruction that requires in express terms, or impliedly, that the contributory negligence of a plaintiff must be proved by the defendant. The jury should be informed that it is sufficient if the contributory negligence of the plaintiff is proved by a preponderance of the evidence, without regard to whether such evidence was given by the plaintiff or defendant, or by both." This is just what the trial court did in the case at bar, in two instructions. See *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63; *New Castle Bridge Co.* v. *Doty* (1906), *ante*, 84. We think the instructions to which we have referred correctly state the law, and that the jury was not misled by number eight, when considered with the others.

Other instructions given by the court, and those tendered by appellant and refused, relate largely to the fact that appellee was riding in the freight-car instead of the 9. caboose. Those given upon that branch of the case are in harmony with what we have said as to appellee's right to be in and ride in the car with the stock, and they are approved. Those refused declare a contrary rule, and hence were correctly refused.

Judgment affirmed.