## ST. LOUIS & S. F. R. CO. v. FITTS.

No. 4047. Opinion Filed March 10, 1914.

Rehearing Denied April 28, 1914.

(140 Pac. 144.)

1. **CARRIERS—Passenger—Payment of Fare.** The fact that no fare was paid for a child by the person in charge of her upon the train did not prevent her from being a passenger, where she was riding with the knowledge and consent of the conductor.

2. **SAME—Injuries to Passenger—Burden of Proof.** Evidence tending to show the occurrence of a lurch or a jerk of a passenger train of sufficient violence to throw from the seat, whereon she was quietly sitting as a passenger, a child five years old, and to almost throw from their seats two adult passengers, justifies an inference of some breach of the duty owed to the injured person by the carrier, and casts the onus upon it of relieving itself of responsibility by showing that the injury was the result of an accident which the exercise of due skill, foresight, and diligence could not have prevented.

3. **SAME—Question for Jury—Evidence.** In such action, where the evidence of the plaintiff makes out a prima facie case, which is rebutted by the evidence on the part of the carrier, it is not error to refuse to take the case from the jury. It is their duty to pass upon the credibility of the witnesses and the weight of their testimony.

4. **INSTRUCTIONS APPROVED.** Instructions examined, and held to be substantially correct.

5. **APPEAL AND ERROR—Excessive Verdict—Evidence.** Where there is nothing in the record to indicate that the action of the jury was in any way influenced by bias, passion, or prejudice against the losing party, we are precluded from setting their verdict aside as excessive.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Vira Fitts, by her next friend, W. B. Fitts, against the St. Louis & San Francisco Railroad Company for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*J. Q. A. Harrod,* for defendant in error.

KANE, J.   This was an action for damages for personal injuries, commenced by the defendant in error by her next friend, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was verdict for plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

It was alleged that the plaintiff, a child about five years old, was riding with her mother, who had purchased a ticket upon one of the defendant's passenger trains, and that she was injured by being thrown from the seat, where she was quietly sitting, by a sudden and heavy jerk of the train forward, and that the jerk was due to the carelessness and negligence of the defendant. The grounds for reversal which we deem it necessary to notice may be stated as follows:   (1) The plaintiff was not a passenger, because she did not purchase a ticket and did not pay her fare upon the train, but was riding free with her mother, who had purchased a ticket.   (2) There is not sufficient evidence to establish negligence on the part of the defendant.   (3) The court erred in certain instructions given to the jury.   (4) The verdict of the jury is excessive and appears to have been given under the influence of passion and prejudice.

The general rule is that where one is on a passenger train of a railroad company, and there for the purpose of carriage, with the consent, express or implied, of the company, he is presumptively a passenger.   4 Elliott on Railroads (2d Ed.) vol. 4, sec. 1578.   In the case of *Southern Railway Co. v. Lee* (Ky.) 101 S. W. 307, 10 L. R. A. (N. S.) 837, the court held that the fact that no fare was paid for a child by the person in charge of him upon the train did not prevent him from being a passenger, where he was riding with the knowledge and consent of the conductor.

The injury was inflicted while the train was in motion, running between two stations.   In answer to questions put to her on direct examination, touching the manner of the injury, Mrs. Fitts, the mother of the injured child, testified as follows:

"A.   The train leapt forward right hard and threw her out of her seat.   *   *   *   Q.   Whereabouts were you at the time

that that jerk occurred? A. I am not positive where it was at. It was somewheres between Durant and Ardmore, however; somewheres thereabouts Madill. * * * It give a jerk, and jerked her out of her seat, and liked to have jerked me out. Q. Did she fall? A. Yes, sir. Q. Where did she fall? A. She fell and struck the seat right in front of her. * * * Q. You speak of that jerk being hard. Did it affect you sitting in your seat? A. I had a baby in my lap, and it liked to jerked him out of my lap, and liked to jerked my head off. Q. Was it beyond the ordinary jerk of a train? A. Yes, sir; I should say it was. * * * Q. You have been on trains, haven't you, and rode on trains? A. Yes, sir; a few times. Q. You have felt the ordinary and usual jerk from trains? A. Yes, sir; I felt it that day until I got that one. Q. Well, did you ever feel a train jerk as hard? A. No, sir."

Another witness, a passenger, testified as follows:

"Q. Did anything happen while you were on the train with Mrs. Fitts that day to Vira Fitts? A. Yes, sir; she got seriously hurt on the train. Q. Well, explain to the jury now, you say she got hurt, how she got hurt. A. Well, sir, the train gave a jerk and threw her out of the seat and struck her forehead here on the arm, on the seat right in front of her. * * * Q. Do you know what had been done to the train just before the accident occurred? A. No, sir; I don't. Q. What? A. No, sir; I don't know what happened to the train, but it gave a terrible jerk, and liked to have jerked me off the seat. I was sitting in the seat nursing Mrs. Lauderdale's baby, and it liked to jerked me off my seat."

The contention of counsel for the railroad company is that the foregoing evidence and other circumstances shown by the record present a case identical in principle to *St. Louis & S. F. R. Co. v. Gosnell*, 23 Okla. 588, 101 Pac. 1126, 22 L. R. A. (N. S.) 892, and that this case must be governed by the opinion in that case. From an examination of the many cases cited by counsel for the respective parties, it is apparent that there is considerable difference of opinion as to whether proof of the injury to a passenger, resulting from a jerk of the train or car wherein he is riding, raises a presumption of negligence against the carrier. Each case, it seems, must depend largely upon its own peculiar facts in applying the rule of *res ipsa loquitur*. Whilst there seems to be no well-defined line of divergence be-

tween passenger and freight train cases, there is very little doubt that the rule applied to the facts developed in *St. Louis & S. F. R. Co. v. Gosnell, supra,* pertaining to a passenger upon a freight train, is supported by a preponderance of the freight train cases. The cases from Missouri, copiously quoted from in the opinion, and which probably influenced the court more than any others in reaching its decision, are all freight train cases and all support the doctrine laid down in the opinion, except *Guffey v. H. & St. J. Ry. Co.,* 53 Mo. App. 462. The general rule, however, is that where the thing which causes the accident is exclusively controlled or managed by the carrier, and the accident is such as in the ordinary course of events does not happen if those who have the control or management use proper care, it affords reasonable evidence, in the absence of explanation by the carrier, that the accident arises from want of care. *Gilmore v. Brooklyn Heights Ry. Co.,* 6 App. Div. 117, 39 N. Y. Supp. 417. Among the cases governed by the foregoing rule are those where the injury arose from sudden starts, sudden stops, jerks, jolts, etc. The tendency of the decisions seems to be that if the jerk is of such violence that it would not be one likely to occur, or necessary, in the ordinary operation of transportation, a presumption of negligence will arise. It has been held that a very violent jerk of a car, resulting in injury to a passenger, raises a presumption of negligence against the carrier. *Chicago City R. Co. v. Morse,* 98 Ill. App. 662; *Evansville & T. H. R. Co. v. Mills,* 37 Ind. App. 598, 77 N. E. 608; *Southern R. Co. v. Cunningham,* 123 Ga. 90, 50 S. E. 979. And that a violent jerk, throwing a passenger down and out of a car, raises a presumption of negligence in the carrier. *Ill. Cent. R. Co. v. Beebe,* 69 Ill. App. 363; *Griffin v. Pacific Elec. R. Co.,* 1 Cal. App. 678, 82 Pac. 1084; *Scott v. Bergen County Traction Co.,* 63 N. J. Law, 407, 43 Atl. 1060; *Consolidated Traction Co. v. Thalheimer et al.,* 59 N. J. Law, 474, 37 Atl. 132; *Lomas v. N. Y. City Realty Co.,* 188 N. Y. 628, 81 N. E. 1169. And that evidence that a passenger standing on the running board of a crowded car was thrown off and killed by a jerk sufficiently violent to throw standing passengers off their footing makes a *prima*

*facie* case against the carrier. *Sheeron v. Coney Island & B. R. Co.,* 78 App. Div. 476, 79 N. Y. Supp. 752. And that where a passenger, while free from contributory negligence, is thrown from his seat and injured while going around a curve, a presumption of negligence arises. *Fitch v. Traction Co.,* 124 Iowa, 665, 100 N. W. 618. Other cases in point to the same effect are *Lavis v. Wisconsin County Ry. Co.,* 54 Ill. App. 636; *Dougherty v. Mo. Ry. Co.,* 81 Mo. 325, 51 Am. Rep. 239; *B. U. Ry. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 761; *Murphy v. Coney Island & B. Ry. Co.,* 36 Hun (N. Y.) 199; *Guffey v. H. & St. J. Ry. Co.,* 53 Mo. App. 462; *Burr v. Pennsylvania Ry. Co.,* 64 N. J. Law, 30, 44 Atl. 845.

We think the case at bar belongs to the foregoing class. The train upon which the plaintiff was riding was a passenger train, equipped primarily for the carriage of passengers. One reasonably may expect to ride on the modern passenger train, not only in comparative safety, but with a considerable degree of comfort. We venture to say that a railway company, of which it could truthfully be said that a jerk of sufficient violence to throw a child five years old out of her seat where she was quietly sitting, and "liked to have jerked" two adults out of their seats, and "liked to have jerked the head off" one of them, was an ordinary occurrence, would not enjoy the patronage of the traveling public to any great extent. We therefore conclude that evidence tending to show the occurrence of a lurch or a jerk of a passenger train of sufficient violence to throw from the seat whereon she was quietly sitting as a passenger a child five years old, painfully injuring her, and to almost throw from their seats two adult passengers, justifies an inference of some breach of the duty owed to the injured person by the carrier, and casts the *onus* upon it of relieving itself of responsibility by showing that the injury was the result of an accident which the exercise of due skill, foresight, and diligence could not have prevented.

In such action, where the evidence of the plaintiff makes out a *prima facie* case, which is rebutted by the evidence on the part of the carrier, it is not error to refuse to take the case from

the jury. It is their duty to pass upon the credibility of the witnesses and the weight of their testimony.

We have examined the instructions, the giving of which counsel for defendant assign as error, and are of the opinion that, considering them in connection with all the other instructions given, they are substantially correct. Some of the objections urged against them have been fully answered by what we have heretofore said; the balance, we think, are without merit.

Whilst the verdict is larger, perhaps, than the members of the court would render, if sitting as jurors, there is nothing in the record to indicate that the action of the jury was in any way influenced by any bias, passion, or prejudice against the defendant. We are therefore precluded from setting the verdict aside as excessive.

Finding no reversible error in the record, the judgment of the court below must be affirmed.

All the Justices concur.