**PHILLIPS et al. v. CLASSEN.**

No. 12486—Opinion Filed Oct. 23, 1923.

1. **Negligence — Demurrer to Plaintiff's Evidence—Question of Fact.**

The rule is, that if there is any competent evidence offered by plaintiff, reason-

ably tending to support the allegations of negligence and resulting injury, a demurrer to plaintiff's evidence should be overruled. Such evidence presents a question of fact for the jury.

**2. Same—Personal Injury Cases—Contributory Negligence.**

There is no such thing as contributory negligence on the part of a plaintiff unless there also appears primary negligence on the part of the defendant. And, in this jurisdiction, the matter of contributory negligence on the part of the plaintiff is always a question of fact for the jury.

**3. Same—Questions of Fact— Questions of Law.**

In personal injury cases, there is always one of three propositions presented: First, negligence on the part of the defendant and resulting injury to plaintiff; and presents a question of fact for the jury. Second, primary negligence on the part of the defendant, combined with contributory negligence on the part of the plaintiff, and injury resulting to plaintiff; and presents a question of fact for the jury. Third, an entire lack of negligence on the part of the defendant, and injury resulting because of plaintiff's negligence; and becomes a question of law for the court, which should be taken care of on demurrer or motion for a directed verdict.

**4. Same—Sufficiency of Evidence—Automobile Collision.**

Record examined, and held, that there is competent evidence appearing in the record offered upon the part of the plaintiff reasonably tending to establish primary negligence upon the part of the defendant, and resulting injury to plaintiff, and that the court did not err in overruling defendant's demurrer to plaintiff's evidence.

**5. Appeal and Error—Waiver of Assignments of Error—Failure to Brief.**

Assignments of error not argued in plaintiff in error's brief will be treated as waived.

**6. Same—Affirmance of Negligence Case—Judgment on Supersedeas Bond.**

Record examined, and held, that the judgment of the trial court should be affirmed; and defendant in error having moved for judgment against the sureties on the supersedeas bond in case of an affirmance, judgment should be entered upon the bond.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by G. W. Classen against F. O. Phillips, D. M. Phillips, R. I. Phillips, and Clyde Pierce, for personal injury, and because of injury to the automobile of plaintiff, by reason of a collision of plaintiff's car with a truck belonging to defendants, or some of them, and driven by Pierce. Judgment for plaintiff against F. O. Phillips and Clyde Pierce, from which they appeal. Affirmed.

Freeling, Hood & Howard, for plaintiffs in error.

Twyford & Smith, for defendant in error.

Opinion by SHACKELFORD, C. For convenience the parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

Plaintiff began this action on the 21st day of July, 1919. The petition charges that on the 6th of July, 1919, at about the hour of 6:30 o'clock p. m., the defendant Clyde Pierce, as driver of a truck owned by the defendants, caused said truck to collide with plaintiff's car, at or near the crossing and intersection of Walker and 23rd streets, in Oklahoma City; and by reason of such collison plaintiff sustained injury and damage to his person and to his car. The plaintiff alleges that the collision was due to the fact that the truck of the defendants was driven in a careless and reckless manner, and at a dangerous rate of speed, and in violation of section 1210 of the city ordinances, which fixes the maximum speed at eight miles per hour; and further, in violation of section 1199, which requires driving upon the right-hand side of the street; all of which carelessness and recklessness, and violation of the ordinances, was the proximate cause of the injury. Plaintiff prayed for damages in the amount of $1,415.

On the 31st day of March, 1920, the plaintiff, by the consent of the defendants, filed an amended petition, making F. O. Phillips and R. I. Phillips additional parties defendant, and laying his damages at $3,415.

On the 6th of March, 1920, defendants F. O. Phillips and Clyde Pierce filed their separate answer, and also a cross-petition against the plaintiff. The answer was in effect a general denial, and a plea that the collision was occasioned by plaintiff's own negligence and want of care. The cross-petition sought to recover $30 expended for repairs on the truck of the defendants. On the same day, defendants D. M. Phillips and R. I. Phillips filed their separate answer, denying any control over the truck, and denying that Clyde Pierce was in their employ. Plaintiff filed a reply, making up the issues.

The cause was submitted to a jury on the 7th of January, 1921, resulting in a verdict and judgment in favor of the plaintiff, against F. O. Phillips and Clyde Pierce, in the sum of $2,000, and they prosecute this appeal.

The defendants present several assignments of error in their motion for a new trial and petition in error. However, they content themselves with arguing one assignment of error, the fourth, which they state as follows:

"The court erred as a matter of law in overruling the demurrer interposed by the defendants at the close of the plaintiff's evidence, said demurrer being of the following tenor:

"'Comes now the defendant at the close of the evidence on the part of the plaintiff and after the plaintiff has rested and demurs to said evidence for the reason that the same is wholly insufficient to show any negligence on the part of the defendant, and shows further that the plaintiff was guilty of contributory negligence and therefore he cannot recover in this action.'"

All other assignments of error are waived.

This assignment of error presents the question of the sufficiency of the plaintiff's evidence. The rule is, that if there is any evidence offered by the plaintiff, reasonably tending to establish his allegations of negligence and resulting injury, then a ruling of the court in overruling a demurrer to plaintiff's evidence was not error, and an affirmance of the judgment should follow. If the plaintiff offered no evidence reasonably tending to establish his allegations of negligence and consequent injury, the court was in error in overruling a demurrer to the plaintiff's evidence, and the judgment must be reversed.

There is something of inconsistency in the position taken by defendants in this demurrer. In one clause it is stated that there was no negligence of defendants shown, and in another it is stated that plaintiff's proof shows there was contributory negligence upon his part. If there was not negligence upon the part of the defendants, then the injury was due to the negligence of the plaintiff; and if there was no evidence tending reasonably to show negligence upon the part of the defendants, then, and only then, could it become a question of law for the court. If the proof tended to show negligence upon the part of the defendants, and resulting injury, then it became a question of fact for the jury. Where the evidence tends to show

contributory negligence on the part of the plaintiff, there must also have been primary negligence upon the part of the defendants, since, as a matter of law, there is no such thing as contributory negligence upon the part of a plaintiff unless there is primary negligence on the part of the defendant. For defendants to say there was contributory negligence upon the part of plaintiff is an admission that there was also negligence on the part of the defendants; and in this jurisdiction, it is also an admission that the matter becomes a question of fact for the jury, and not a question of law for the court.

In every personal injury case in this jurisdiction, one of three propositions is presented: First, negligence on the part of the defendant, and injury resulting to plaintiff therefrom, and the same constitutes a question of fact for the jury. Second, primary negligence on the part of the defendant, combined with contributory negligence on the part of the plaintiff, resulting in injury to plaintiff, and again constituting a question of fact for the jury. Third, entire failure in plaintiff's evidence to show negligence upon the part of defendant; and then the matter becomes a question of law for the court, and should be taken care of on a demurrer to the evidence or motion for a direction.

The evidence on the part of the plaintiff tended to show that on the occasion of the collision complained of, the plaintiff was driving west, with members of his family in a Ford automobile, along west 23rd street in Oklahoma City, and a little to the north of the center of the paved part of the street, and at or near the crossing and intersection of the said street with Walker street. That defendant's truck, driven by Pierce, came from the south, going north, along Walker street. That plaintiff drove very slowly into the street intersection and was struck by defendants truck west of the center of Walker street, and north of the center of west 23rd street, and over close to the northwest corner of the intersection of the two streets, and just after plaintiff had passed the said northwest corner, or after plaintiff had passed out of the street intersection. If that was what really happened, the plaintiff was driving where he had a right to drive; and driving the truck against his car was negligence, and was in utter disregard of and in violation of the rules of the road which require a driver to keep to the right of the center of the driveway; unless it was the purpose of the driver to turn west on

west 23rd street, and even then, it is apparent that if he had continued north on the right hand side of Walker street until he passed the center of the intersection of the two streets, before turning west as was his duty, the collision would not have occurred. Then, further, the testimony tends to show that the truck was being driven at a high and dangerous rate of speed, and in violation of section 1210 of the city ordinances, which fixes the rate of speed at not in excess of eight miles per hour in going over street intersections. It appears that the paved portion of both streets was about 30 feet wide. The driver of the truck apparently attemped to slow up, and the proof tends to show that the wheels of the truck skidded along practically across the street intersection before it struck plaintiff's car; and when it struck, the force of the impact threw plaintiff's wife, and child out of their car and out across the side-walk several feet. Apparently the thing that is urged as contributory negligence on the part of the plaintiff was, that he failed to turn north into Walker street to avoid the collision. It is hardly conceivable from the record made, how the collision could have occurred, if the driver of the truck had driven into the street intersection at eight miles per hour, and kept on the right hand side of Walker street. as was his duty.

There was ample in plaintiff's evidence to take the question of defendant's negligence to the jury. Bartlesville Zinc Co. v. Price, 59 Okla. 141, 158 Pac. 627; Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 Pac. 408.

The jury returned a verdict in favor of the plaintiff for $2,000, and judgment was entered thereon on the 7th day of January, 1921, in favor of plaintiff and against the defendants F. O. Phillips and Clyde Pierce. Execution was superseded by filing of a supersedeas bond with F. O. Phillips as principal, and D. M. Phillips, Anna Etzwilder, F. M. Gault, and C. L. Sloane, as sureties. The plaintiff moves this court for judgment against the sureties on the supersedeas bond in case of an affirmance of the judgment.

We recommend that the judgment of the trial court be affirmed; and further recommend that it be the order and judgment of this court that the plaintiff, G. W. Classen, have and recover of and from D. M. Phillips, Anna Etzwilder, F. M. Gault, and C. L. Sloane, sureties on the supersedeas bond, the sum of $2,000, together with interest at six per cent. per annum from and after the 7th day of January, 1921, and all costs of this action; for all of which let execution issue out of the Supreme Court.

By the Court: It is so ordered.