OKLAHOMA RY. CO. v. JONES.

No. 34834. Nov. 25, 1952.

*250 P. 2d 472.*

Richardson, Shartel & Cochran, F. M. Dudley, and Davis B. Richardson, Oklahoma City, for plaintiff in error.

B. H. Carey, Cantrell, Carey & McLoud, Oklahoma City (Charles V. Wheeler, Oklahoma City, of counsel), for defendant in error.

BINGAMAN, J. This action was brought by the plaintiff, L. H. Jones, against the defendant, Oklahoma Railway Company, to recover damages sustained by plaintiff while riding upon a bus owned and operated by defendant, it being charged that the injuries to plaintiff were due to negligence on the part of defendant. The trial court overruled a motion for directed verdict and submitted the cause to a jury which returned a verdict for plaintiff. Defendant appeals.

In his second amended petition plaintiff alleged that he boarded one of the defendant's busses at the corner of 25th street and South Walker avenue, in the city of Oklahoma City; that he handed a transfer to the driver of the bus, plaintiff being the last passenger aboard; that while he was still standing there the bus started and pulled away from the curb, and that as plaintiff turned and started to go to a seat the bus lurched forward and then came to a sudden stop throwing plaintiff against the windshield and an iron rod in front of the windshield, from which he rebounded and struck some other obstruction. He alleged severe injuries both to his head and body, which rendered him unable to continue to perform the duties of the employment in which he was engaged, and which to a considerable degree permanently incapacitated him for doing any work in which he had been trained.

In its answer defendant generally denied all material allegations in the petition and set up the defense of contributory negligence on the part of

plaintiff. It further alleged that plaintiff's injuries, if any, were due to an unavoidable accident on the part of defendant and its employees.

Plaintiff testified that he was 61 years old; that he was employed by American Telephone & Telegraph Company, in the plant department, and had been so employed for 30 years; that on the particular evening when he was injured he was the last passenger aboard the bus; that after he boarded the bus it pulled away from the curb and he handed his transfer to the driver of the bus, steadying himself by putting his hand on the fare box; that after giving the driver his transfer he turned to go to a seat when the bus lurched forward and then came to a sudden and abrupt stop, throwing him violently against the windshield and the iron bar which was in front of the windshield, and causing the injuries which he claimed to have sustained. His testimony as to his injuries was substantiated to a considerable extent by the testimony of physicians, and his superior in the plant department of the American Telephone & Telegraph Company testified that thereafter he was unable to do his work properly and for that reason was finally discharged.

When plaintiff was injured all the other passengers were seated and several testified that the lurch and stop were not unusual or violent and did not throw them from their seats, but two of these witnesses testified that the cause of the sudden stop was a vehicle which pulled in front of the bus as it started down the street towards a stop light, and one of them testified that when the vehicle appeared in front of the bus the driver slammed on the brakes. The driver testified that he did not stop on account of this vehicle, but merely slowed down to permit it to make a turn and that the only stop he made was an ordinary stop at the intersection where the light had changed and was against him.

Defendant on appeal urges as its sole ground for reversal that there was no evidence of negligence on its part, and that the trial court should have sustained its motion for an instructed verdict. In support of this statement it calls attention to various cases from other jurisdictions holding that it was not necessary for the driver of a motor bus or street car to wait until the passengers were seated before starting the vehicle. It also calls attention to and relies upon Chicago, Rock Island & Pacific Ry. Co. v. Larmon, 172 Okla. 461, 45 P. 2d 76.

In that case the injured plaintiff was attempting to cross the open platform between two cars while the train was in motion and testified that the train gave "a main jerk", jerking him sidewise and throwing him out of the open door on the left-hand side of the train. He attempted to prove that the jerk of which he complained was due to rotten ties on the railroad track, but we held that his proof was not sufficient to establish that fact. In that case we based our decision principally on St. Louis & San Francisco Ry. Co. v. Gosnell, 23 Okla. 588, 101 P. 1126; St. Louis & San Francisco Ry. Co. v. Fitts, 40 Okla. 685, 140 P. 144; Ramsey v. McKay, 44 Okla. 774, 146 P. 210; Missouri, Kansas & Texas R. Co. v. Lynn, 62 Okla. 17, 161 P. 1058. All of these cases except St. Louis & San Francisco Ry. Co. v. Fitts, supra, involved injuries to passengers while riding on freight trains. In the Fitts case the five year old child was thrown from her seat in a passenger coach by a sudden jerk of the train which almost threw passengers from their seats.

In all these cases we held that one riding upon a freight train should expect much rougher traveling and bumping, jolting and lurching, than would be expected upon a passenger train, but that where the evidence clearly established an unusual or extraordinary jerk or jolt, the question of whether that was due to negligence

478

was one for the jury. In the Fitts case we said that each case depended largely upon its own peculiar facts, and that the general rule was that where the thing which caused the accident was exclusively controlled or managed by the carrier, and the accident was such that as in the ordinary course of events did not happen if those who had the control or management used proper care, it afforded reasonable evidence in the absence of explanation by the carrier that the accident arose from want of due care. We think the rule announced in that case, which is adhered to in other decisions by this court, is applicable in the instant case, and that the injuries sustained by the plaintiff were sufficiently serious to indicate that he was thrown against the windshield with great force and violence. The bus driver knew that plaintiff had not gone to his seat, and so testified, and in such case we think due care required him to not subject plaintiff to danger by suddenly jerking and stopping the bus. In A & A Cab Operating Co. v. Drake, 200 Okla. 229, 192 P. 2d 1004, we said that it was only where the facts were such that all reasonable men must draw the same conclusion that the question of negligence becomes one of law for the court, and that in the absence of negligence on defendant's part plaintiff could not recover damages. We further said that the proximate cause of injury is ordinarily a question for the jury.

In the instant case we think the testimony of the plaintiff and the serious injuries suffered by him as a result of the accident, plus the testimony of the other passenger that the bus driver slammed on his brakes, was sufficient to justify the court in submitting the cause to the jury, and sufficient to sustain the verdict of the jury in plaintiff's favor.

Plaintiff in his brief moves for judgment on the supersedeas bond filed by the defendant. Judgment is therefore rendered against the defendant and American Casualty Company of Read-ing, Pennsylvania, surety on the supersedeas bond for $4,360, with interest thereon from January 23, 1950, at the rate of six percentum per annum, and for costs.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, and JOHNSON, JJ., concur. GIBSON and O'NEAL, JJ., dissent.